## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

       vs.

JAMES SAN NICOLAS REYES,
DOB: 11/01/1972

                     Defendant.

) CRIMINAL CASE NO. **CF0522-18**
) GPD Report No. 17-02947
)
)
)
)
) **DECISION & ORDER**
) **RE. DEFENDANT'S MOTION TO**
) **DISMISS WITH PREJUDICE**
)
)
)
)
)

This matter came before the Honorable Alberto E. Tolentino on October 31, 2024, for a Further Proceedings. Defendant James San Nicolas Reyes ("Defendant") was present with counsel Public Defender Stephen Hattori. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss with Prejudice.

\\

\\

\\

\\

On February 17, 2017, Defendant Reyes was indicted in CF0047-17 for POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) based on events that occurred on or about January 31, 2017. *See* Indictment (Feb. 17, 2017). It is noteworthy that the Defendant was charged for this offense while released on parole in CF0016-94. *See* Informational Report (June 21, 2019). Because of this, the Department of Corrections Parole Services Division ("DOC") revoked the Defendant's parole on March 8, 2017. *Id.* However, on July 26, 2018, the Honorable Anita A. Sukola issued a Decision and Order granting the Defendant's Motion to Dismiss CF0047-17. In rendering this Decision, she found that the People failed to arraign the Defendant within sixty days after the Magistrate's Complaint was filed, without good cause; which therefore, warranted the case's dismissal without prejudice. *See* Decision & Order (July 26, 2018).

On August 28, 2018, Defendant Reyes was indicted in this current matter for the same charge based on the same events in CF0047-17. *See* Indictment (Aug. 28, 2018). On September 9, 2024, the Defendant filed a Motion to Dismiss with Prejudice ("Motion") in this case, arguing that "he was never brought before a magistrate pursuant to 8 GCA § 45.10, nor was he provided a Notice to Appear under 8 GCA § 25.10."[1] Def.'s Mot. Dismiss (Sept. 9, 2024).

## DISCUSSION

Under 8 GCA § 45.10(c), "[t]he person arrested shall in all cases be taken before the judge within forty-eight (48) hours after the arrest, except that when the forty-eight (48) hours expires,

---

[1] It is noteworthy that 8 GCA § 25.10 is the statute regarding a person's release without appearance before a judge. 8 GCA §§ 25.20 through 25.50 govern the criminal procedures on Notices to Appear.

it is the burden of the government to demonstrate that a bona fide emergency or an extraordinary circumstance existed."

In its interpretation of 8 GCA § 45.10, the Guam Supreme Court found that this statute applies to those defendants "not previously in custody." *People v. Bryan*, 2019 Guam 8 ¶ 11. Those defendants have "the right to a prompt probable cause determination and the right to be promptly brought before a judge for a first appearance – that is, within 48 hours of arrest." *Id.* (citing *Gernstein v. Pugh*, 420 U.S. at 123 & n.24, 126; *People v. Tedtaotao*, 2014 Guam 33 ¶¶ 14-15; *see also Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991)). In order for there to have been a violation under 8 GCA § 45.10, Defendant Reyes had to have been arrested in CF0522-18.

The Defendant argues that after his arrest on January 31, 2017, he was never brought before a magistrate within forty-eight hours for this instant case. *See* Def.'s Mot. Dismiss (Sept. 9, 2024). The People contest that any violation of the Guam Rules of Criminal Procedure occurred, because he was released within forty-eight hours of his arrest back in 2017. *See* Ppl.'s Opp'n at 1 (Sept. 23, 2024). Both parties based their arguments on the arrest record for CF0047-17 rather than an arrest for CF0522-18.

As mentioned earlier, the Honorable Anita A. Sukola dismissed the 2017 case without prejudice due to the People's failure to promptly arraign the Defendant. However, the Defendant was brought before a magistrate judge within forty-eight hours of his arrest for CF0047-17, which are the grounds for the Defendant's Motion in this matter. Although neither party provides a specific date for release, the court's records indicate that the Defendant was released and brought before a magistrate judge on February 1, 2017, after his arrest on January 31, 2017.[2]

---

[2] In CF0047-17, Magistrate Judge Alberto E. Tolentino released the Defendant on conditions outlined in the case's Order of Conditional Release and Appearance Bond filed on February 1, 2017.

The fact that the Defendant was not brought before a magistrate judge in *this* case within forty-eight hours of arrest is irrelevant, because Defendant Reyes was already in DOC's custody for another matter. The Guam Supreme Court found that "a criminal defendant already in custody for a different crime does not have a constitutional or statutory right to a prompt judicial hearing because there is no new 'arrest' to trigger those rights." *Bryan*, 2019 Guam 8 ¶ 11 (citing *Tedtaotao*, 2014 Guam 33 ¶ 14). Pursuant to Probation's Informational Report, the Defendant was already serving a life sentence in CF0016-94 after DOC revoked his parole in that case. *See* Informational Report at 1 (June 21, 2019). Because the Defendant was already in DOC custody at the time the People indicted him in this case, 8 GCA § 45.10 does not apply in this case. Seeing that no violation of 8 GCA § 45.10 took place, the court denies the Defendant's Motion to Dismiss with Prejudice.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons set forth above, the court hereby **DENIES** the Defendant's Motion to Dismiss with Prejudice.

A Further Proceedings is scheduled before this court on March 26, 2025, at 10:30AM.

**SO ORDERED** this _____JAN 2 7 2025_____ .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to
_AG, PPSC_

Date _1/27/25_ Time _4:46pm_
_Albert Calvo an_
Deputy clerk , Superior Court of Guam